```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
HECTOR ANDRADE,

                        Plaintiff,

        -against-

NEW YORK PANINI, LLC, LA BOTTEGA OF HUNTINGTON,
LLC, and JOSEPH QUIRKE,

                        Defendants.
-------------------------------------------------------------------------------x
```

**FILED**
**CLERK**
11/29/2016 3:37 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Order
15-cv-4212 (ADS)(SIL)

APPEARANCES:

**Neil H. Greenberg & Associates, P.C.**
*Attorneys for the Plaintiff*
90 Merchant Concourse, Suite 314
Westbury, NY 11590
          By:   Neil H. Greenberg, Esq.
                Justin M. Reilly, Esq., Of Counsel

NO APPEARANCES:

**New York Panini, LLC**
*Defendant*

**La Bottega of Huntington, LLC**
*Defendant*

**Joseph Quirke**
*Defendant*

SPATT, District Judge:

On July 17, 2015, the Plaintiff Hector Andrade commenced this wage-and-hour action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 650 *et seq.*, alleging that, during the period of his employment with the Defendants New York Panini, LLC, La Bottega of Huntington, LLC, and Joseph Quirke (collectively, the "Defendants"), he was not paid overtime wages for hours that he worked in excess of 40 in a week.

On November 2, 2015, the Clerk of the Court noted the Defendants' default.

On March 31, 2016, the Plaintiff filed a motion for a default judgment.

On April 1, 2016, the Court referred this matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, the relief to be granted.

On November 10, 2016, Judge Locke issued a Report and Recommendation (the "R&R"), recommending that the motion be granted in part and denied in part. In particular, Judge Locke recommended that a default judgment should be entered against the Defendants as to the Plaintiff's claims for unpaid overtime wages under the FLSA and NYLL. In this regard, the court determined that the uncontested allegations in the complaint established that the Plaintiff worked at least 72 hours a week between January 1, 2010 and May 12, 2015, but did not receive overtime wages for any hours worked in excess of 40 in a week.

However, Judge Locke recommended that the Plaintiff's motion for a default judgment be denied as to his requests for so-called "spread of hours" pay and minimum wages under the NYLL because those forms of relief were not asserted in the original complaint. In this regard, Judge Locke referred to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 54(c) for the proposition that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

With respect to damages, Judge Locke recommended awarding the Plaintiff a total sum of $91,844.58, comprised of: $19,646.67 in unpaid overtime wages under the FLSA; $23,082.72 in unpaid overtime wages under the NYLL; $33,368.43 in statutory liquidated damages; and $15,746.76 in pre-judgment interest, plus daily interest accruing at a rate of $10.54 per day until judgment is entered.

Finally, Judge Locke recommended that the Plaintiff be granted leave to submit a formal motion for attorneys' fees and costs.

On November 11, 2016, counsel for the Plaintiff filed proof of service of the R&R on the Defendants.

More than fourteen days have elapsed, and the Defendants have failed to file an objection or request an extension of their time to do so.

Thus, pursuant to the provisions of 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the November 10, 2016 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted to the extent set forth above.

The Clerk of the Court is respectfully directed to enter judgment consistent with this opinion in favor of the Plaintiff.

However, on Judge Locke's recommendation, this case will remain open for a period of 30 days to permit the Plaintiff to file a formal motion for an award of attorneys' fees and costs.

It is **SO ORDERED:**

Dated: Central Islip, New York
November 29, 2016                    /s/ *Arthur D. Spatt*
                                     ARTHUR D. SPATT
                                     United States District Judge